30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Anthony GILLIARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juanita Walker COOPER, Defendant-Appellant.
 Nos. 93-5666, 93-5667.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1994.
Decided: July 26, 1994.
 
 Appeals from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-92-108)
 Francis J. Cornely, Charleston, South Carolina; Jon Rene Josey, Florence, SC, for Appellants.
 Albert Peter Shahid, Jr., Assistant United States Attorney, Charleston, SC, for Appellee.
 J. Preston Strom, Jr., United States Attorney, Charleston, SC, for Appellee.
 D.S.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and JACKSON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Earl Walker,* Donald Anthony Gilliard, and Juanita Walker Cooper appeal their convictions for conspiracy to possess with intent to distribute heroin. Cooper appeals her conspiracy conviction on the grounds of insufficiency of the evidence. Cooper, in the alternative, and Donald Gilliard jointly appeal their convictions on the ground that the district court erred in limiting the cross-examination of the government's witness by not allowing the introduction of an audio tape that allegedly recorded the witness's participation in a sale of cocaine after the commencement of the trial. Finding the evidence sufficient to support Cooper's conviction and finding no error in the district court's decision to exclude the tape, we affirm the convictions of Cooper and Donald Gilliard.
 
 I.
 
 2
 In the summer and fall of 1991, Robert Earl Walker, Donald Anthony Gilliard, Juanita Walker Cooper, Martin Van Gilliard and others were involved in a drug conspiracy to import heroin from Thailand. On December 20, 1991, customs agents in New York inspected a package from Thailand and discovered that it contained approximately one kilogram of heroin. The package was addressed to Napolian Sumter in Georgetown, South Carolina. Napolian was a foster child residing with Barbara Faison, the natural mother of defendants Donald and Martin Gilliard. It appears that Martin had planned to intercept the package upon delivery at Faison's house as part of a conspiracy with the other defendants to import and distribute heroin. Martin had been advised by his brother Donald that he had a friend that Donald had met while he was incarcerated in North Carolina who would supply the heroin. Walker, Cooper, and Martin Gilliard allegedly would be paid for their participation in the distribution of the heroin.
 
 
 3
 A postal slip was delivered to Barbara Faison's house indicating that the package was ready for pick-up at the local post-office. The record contains evidence of conversations between Martin Gilliard, Donald Gilliard, Walker and Cooper concerning how they would retrieve the package containing the heroin. After several failed attempts to claim the package, Martin Gilliard was arrested. He subsequently pled guilty and agreed to cooperate with the government. Pursuant to his agreement with the government, Martin made telephone calls to his brother Donald and to Cooper, and he met with Walker to discuss the failed receipt of the heroin.
 
 
 4
 Robert Walker, Donald Gilliard, Srongkiat Damronschaikhajorn (the alleged source of the heroin), and Juanita Cooper were subsequently arrested and, on March 11, 1992, were indicted by a federal grand jury on five counts relating to conspiracy to import and possession with intent to distribute heroin. Prior to their trial, the district court dismissed one of the counts, and the charges against Damronschaikhajorn were dismissed altogether. Following a jury trial on December 3, 1992, Walker, Cooper and Donald Gilliard were convicted of Counts 1, 2, 3, and 5. On May 25, 1993, the court granted a motion to dismiss Counts 1, 3, and 5 as to Walker, Donald Gilliard, and Cooper. The defendants' motion to dismiss Count 2 was denied. Under Count 2, Walker, Cooper, and Donald Gilliard were each convicted of conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. Secs. 841 and 846 and 18 U.S.C. Sec. 2.
 
 
 5
 Walker and Cooper each were sentenced to prison terms of 240 months, to be followed by 10 year terms of supervised release. Donald Gilliard received a term of life imprisonment, to be followed by a 10 year term of supervised release.
 
 II.
 
 6
 On appeal, Cooper argues that there was insufficient evidence for the jury to convict her of conspiracy to possess with intent to distribute heroin. The standard of review is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found guilt beyond a reasonable doubt. United States v. Campbell, 977 F.2d 854, 856 (4th Cir.1992), cert. denied, 113 S.Ct. 1331 (1993). We review the issue of the sufficiency of the evidence de novo. Id.
 
 
 7
 To prove a conspiracy, the government must show an agreement to do something illegal, knowing and willing participation by the defendant in the agreement, and an overt act in furtherance of the agreement. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.1987), cert. denied, 484 U.S. 969 and 485 U.S. 991 (1988). Knowledge and participation may be shown by circumstantial evidence. Id. Once a conspiracy has been established, it is only necessary to show a "slight connection between the defendant and the conspiracy to support conviction." United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 112 S.Ct. 3051 (1992). Most of the government's evidence of a conspiracy involving Walker, Donald Gilliard, and Cooper was based on the direct testimony of Martin Gilliard, who had pled guilty and agreed to cooperate with the government. Martin testified that Cooper was to be involved in the receipt and sale of the heroin in Georgetown. He also testified as to a conversation he had with Cooper concerning the delivery of the package to Faison's house. His testimony regarding the defendants' conspiracy was corroborated by evidence of the Cumberland County Jail log records showing that Donald Gilliard was visited by Cooper and Walker, and by telephone toll records reflecting telephone calls involving Lamai Batla, the sister of the supplier, Cooper, Walker, and Donald and Martin Gilliard. Also, Walker and Martin borrowed Cooper's car to conduct countersurveillance after the postal slip had arrived.
 
 
 8
 While we recognize that "circumstantial evidence that proves nothing more than association between two persons, even if one has a fixed intent known to the other to commit an unlawful act, is not sufficient to permit the inference of the requisite agreement between the two to act in concert or commit the act," United States v. Giunta, 925 F.2d 758, 766 (4th Cir.1991), "the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Glasser, 315 U.S. 60, 80 (1942). Martin Gilliard's testimony in this case supports the jury's finding that Cooper was a knowing participant in the conspiracy. Accordingly, we find that there is sufficient evidence, when taken in the light most favorable to the government, to support Cooper's conviction for the heroin conspiracy.
 
 III.
 
 9
 Cooper and Donald Gilliard allege that after the commencement of the trial, an audio tape was made wherein the government's main witness, Martin Gilliard, was recorded conducting a sale of cocaine in violation of his plea agreement with the government. The defendants motioned the court to allow the introduction of the tape during the cross-examination of Martin, but the motion was denied. Cooper and Donald Gilliard assign error to the court's refusal to admit the audio tape into evidence.
 
 
 10
 Donald Gilliard's counsel cross-examined Martin Gilliard extensively about his plea agreement, prior drug deals concerning heroin, and prior sworn testimony. Donald Gilliard's attorney then asked Martin whether or not he had sold drugs on the night before the trial. Martin responded that on the advice of counsel, he refused to answer that question on the grounds that it might incriminate him. We find that the district court did not abuse its discretion in denying the defendants' attempted use of extrinsic evidence of a drug deal involving Martin Gilliard that occurred after his plea agreement and outside the course of the conspiracy.
 
 
 11
 Federal Rule of Evidence 608(b) provides as follows:
 
 
 12
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility,
 
 
 13
 other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the Court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. (Emphasis added). Martin's alleged involvement in a drug deal the night before trial was not a conviction of a crime as provided by Rule 609. The defendants' use of this evidence was, rather, an attempt to use extrinsic evidence to attack Martin Gilliard's credibility as a government witness. Federal Rule of Evidence 608(b) specifically restricts the use of extrinsic evidence for this purpose.
 
 
 14
 Furthermore, Martin invoked the Fifth Amendment with respect to a drug deal that was not linked in any way to the drug charges in the conspiracy. Therefore, the defendants' Sixth Amendment right to cross-examination was not improperly limited by the trial court's ruling that the defendants could not use extrinsic evidence against Martin. Restrictions on the scope of cross-examination are within the sound discretion of the trial judge. United States v. McMillon, 14 F.3d 948, 956 (4th Cir.1994). In this case, where the defendants had sufficient cross-examination to satisfy the Sixth Amendment, we find that the district court did not abuse its discretion in denying the defendants' motion to introduce the tape.
 
 IV.
 
 15
 Accordingly, we affirm the convictions of Juanita Cooper and Donald Gilliard.
 
 AFFIRMED
 
 
 *
 On June 6, 1994, Robert Earl Walker filed with this court a stipulation for a voluntary dismissal of his appeal. Accordingly, we dismiss his appeal and do not address his claims in this opinion